[No. 21393. Department Two. May 27, 1929.]

*In the Matter of the Estate of* JOHN F. NEISZ, *Deceased.*

RALPH M. NEISZ, *Appellant,* v. ANNA H. NEISZ, *as Administratrix, Respondent.*[1]

*James A. Dougan* and *C. A. Norton,* for appellant.
*D. V. Morthland,* for respondent.

FRENCH, J.—This is an appeal from an order of the superior court, setting aside to the surviving spouse, Anna H. Neisz, the home property situated on lot 11 block 154, of Wapato. The decree setting it aside was

[1]Reported in 277 Pac. 849.

under the provisions of our probate code. The property is of the appraised value of $2,000, and consists of a house and lot which had been occupied for some eighteen years as the home of the respondent and her husband, now deceased. Objections to setting this property aside to the surviving widow were made by Ralph M. Neisz, a son of the deceased by a former wife, who claimed that the property in question was held in trust for him.

The facts, briefly stated, are as follows: John F. Neisz and Anna H. Neisz were married in May, 1908. During that summer, a dwelling house was constructed on the property in question, and in December, 1908, the property was conveyed to John F. Neisz and Anna H. Neisz, his wife. The parties moved into the home in January, 1909, and resided there until the death of Mr. Neisz, which occurred in 1926. In the summer of 1909, Ralph M. Neisz inherited some money from his mother's estate, and in August, 1909, the appellant then being fourteen years of age and joining in the application therefor, John F. Neisz was appointed guardian of his estate and in the latter part of August received $1,075.80, as such guardian. This money was deposited in the personal account of John F. Neisz early in September, 1909, and within a few days thereafter all checked out, the evidence tending to show that at least a portion of this money was used in paying off indebtedness incurred while building the home. There is no testimony tending to show that Anna H. Neisz had any knowledge of any of these transactions, and no claim of any kind asserted by appellant for more than ten years after he reached his majority. It is now claimed that the property in question was not community property, and that because of the facts heretofore stated it was held in trust for the use and benefit of appellant.

The lower court held that this property was com-

338

munity property, and that it should be set aside to the surviving spouse, and this appeal follows.

■ ■ That this property is community property, we think can not be seriously disputed. The property was deeded to "John F. Neisz and Anna H. Neisz, his wife," more than twenty years ago, and almost a year before appellant's money had been received. In an unbroken line of decisions, this court has held that the character of real property, whether community or separate, is determined as of the date of its acquisition. This property was not deeded to either of the parties. It was deeded to the community consisting of both parties, and no one will now be heard to say that it is not community property, more than twenty years having elapsed since the date of its acquisition, and one of the spouses being now dead.

■ On appellant's theory that a trust was created in his favor, we think it is sufficient to say that this lot was acquired, the house completed, and occupied, without there being, insofar as the record shows, any liens against the same, and at least eight months before any of appellant's money had been received or used. There is no evidence of any kind in this record from which the court can find that a single penny of appellant's money was used in the purchase of the lot, in the erection of the building, or in paying off any lien against the property. The most favorable view of the testimony that can be taken from the standpoint of appellant is that the money was used to pay obligations of John F. Neisz, which had been incurred while erecting the building. This falls far short of establishing a trust. 28 C. J. 1155; *French v. Sheplor,* 83 Ind. 266, 43 Am. Rep. 67; *Shinn v. MacPherson,* 58 Cal. 596; *Wobbe v. Schaub,* 143 Ill. App. 361; *Coles v. Allen,* 64 Ala. 98; *Bowen v. Hughes,* 5 Wash. 442, 32 Pac. 98.

These are but a few of the numerous cases which we

have examined and are not all strictly in point, but, in all of the cases examined, there is included the idea that, in order to create a trust, the money must have been either used in the purchase price of the land, in the actual improving of the land, or in satisfying some lien against the land. None of these elements are found in this case.

The evidence also shows that appellant claims to have known all of the facts and circumstances surrounding this transaction at all times. More than eleven years elapsed after he reached his majority, before any claim of any kind was asserted, and then not until after the death of the father, John F. Neisz. It is not claimed any place in the record that the surviving spouse, Anna H. Neisz, had any knowledge whatsoever of this appropriation of the guardianship funds. The claim is clearly barred by the statute of limitations, even should it be conceded that there might have been some elements of a constructive trust. 26 R. C. L. p. 1367, § 228; 37 C. J., 795; *Ackerson v. Elliot*, 97 Wash. 31, 165 Pac. 899.

The judgment is affirmed.

MILLARD, MAIN, and PARKER, JJ., concur.