[No. 39654.    Department One.    May 22, 1969.]

*In the Matter of the Estate of* HARVEY SCOTT BARR, *Deceased.*

HARVEY SCOTT BARR, JR., *Appellant,* v. LENORA (BARR) TORGESON, *Individually and as Executrix, et al., Respondents.**

*William C. Harrison,* for appellant.

*Paine, Lowe, Coffin, Herman & O'Kelly,* by *Horton Herman* and *Lawrence R. Small, Evans C. Bunker,* and *Lawrence Hickman,* for respondents.

WEAVER, J.—Plaintiff commenced two actions: the first contesting his father's will; the second for an accounting and recovery of certain real property. Plaintiff appeals from an order granting defendant's motion for judgment on the pleadings and dismissing the actions with prejudice.

The record discloses the following:

In 1931, plaintiff and his brother, Henry Clay Barr, who is named as a defendant in the actions, entered into an oral partnership agreement with their father, Harvey S.

*Reported in 455 P.2d 585.

Barr, and their stepmother, Lenora Barr. The partnership flourished.

In 1943, the partnership agreement was modified when the father and stepmother moved from the ranch to Colfax, Washington, leaving the livestock and farm machinery to plaintiff and his brother and agreeing that the brothers could farm the partnership lands as long as they chose. The gross proceeds of the farms were to be divided 75 per cent to plaintiff and his brother and 25 per cent to Harvey S. Barr and his wife. The 25 per cent to Harvey S. Barr and his wife was to be paid to the survivor until death, at which time the real property was to vest in plaintiff and his brother in equal shares.

Plaintiff alleges that in December, 1948, Harvey S. Barr and his wife breached the partnership agreement by ordering him and his brother from the partnership lands; that there was no partnership accounting; that Harvey S. Barr died March 16, 1961, possessed of the partnership assets and the rents and profits accruing therefrom during the period.

March 24, 1961, Harvey S. Barr's 1952 will and codicil were admitted to probate. The will provided that "my living children . . . Harvey Scott Barr [plaintiff] and Henry Clay Barr shall receive no benefit under this My Last Will and Testament."

"Notice to Heirs" was mailed to all parties involved, including plaintiff, on March 24, 1961. "Notice to Creditors" was published March 31, 1961. June 22, 1966, the executrix filed her "Final Account, Report, and Petition for Distribution." Plaintiff did not appear in the probate until August 5, 1966, the day set for hearing on the final account. On that day, plaintiff filed his petition contesting will and objecting to petition for distribution. September 16, 1966, plaintiff filed his summons and complaint, the one in the probate proceeding being considered amendatory to the petition filed August 5, 1966.

Each of the defendants appearing pleaded the appropriate statute of limitations and laches.

RCW 11.24.010 provides in part:

Contest of admission or rejection—Limitation of action

—Issues. If any person interested in any will shall appear within six months immediately following the probate or rejection thereof, and by petition to the superior court having jurisdiction contest the validity of said will, or appear to have the will proven which has been rejected, he shall file a petition containing his objections and exceptions to said will, or to the rejection thereof. . . .

If no person shall appear within the time aforesaid, the probate or rejection of such will shall be binding and final as to all the world: *Provided, however,* . . .

It is beyond dispute that plaintiff's petition contesting the will of his father was not timely filed in accordance with RCW 11.24.010.

We agree with the statement of the trial court:

THE COURT: Well, gentlemen, first of all on the Will contest, I think it is obvious this Will was filed for probate in 1961 and nothing was done to attempt to question the validity of the Will until 1966, a period of five years, and the Will contest must fail. There has to be a time at which we can do it and the law says six months; that seems to be determinative.

That portion of the order dismissing plaintiff's petition contesting the will is affirmed.

In the civil action, as distinguished from the claim in probate, plaintiff's complaint is essentially one for an accounting of rents, profits, and for the recovery of real property in an alleged partnership entered into in 1931, orally modified in 1943, and violated by decedent and his wife in 1948. In an attempt to escape the effect of the applicable statutes of limitations[1] and the doctrine of laches,

---

[1] RCW 4.16.020:

"Actions to be commenced within ten years. The period prescribed in RCW 4.16.010 for the commencement of actions shall be as follows:

"Within ten years:

"Actions for the recovery of real property, or for the recovery of the possession thereof; and no action shall be maintained for such recovery unless it appears that the plaintiff, his ancestor, predecessor or grantor· was seized or possessed of the premises in question within ten.years before the commencement of the action."

RCW 4.16.040:

"Actions limited to six years. Within six years:

". . .

"(3) An action for the rents and profits or for the use and occupation of real estate."

plaintiff argues that a constructive trust arose in 1948 when decedent and his wife ousted plaintiff and his brother from the farm lands.

■ Assuming that a constructive trust relationship arose when the plaintiff was ousted from the farms, possession of the property by the constructive trustee became critically important in determining when the statutes of limitation commenced to run.

The general rule is well stated in 55 A.L.R.2d 231 (1957):

The possession of real estate by one chargeable as constructive trustee thereof is ordinarily of the utmost significance, in its bearing on the inquiry when the statute commences to run; *for usually if the person chargeable was openly in possession, claiming the property for himself, the person equitably entitled cannot effectively assert ignorance of the existence of the cause of action.* So, various cases take the position that the statute runs not later than the time of possession taken by the person chargeable as trustee where he claimed the premises as his own. [Italics ours.]

The trial judge recognized this principle when he said:

It appears that Scott Barr was 21 years old in the year 1937, that he was removed from possession of the land in 1948, and that from that point on, at least from that point on the possession and behavior of H. S. Barr and his wife was such as to indicate that they didn't recognize any right in anyone except themselves to possession of this property. They rented it to whom they pleased, they collected the rents, they spent the money as they pleased, they didn't recognize any rights and Scott Barr knew this and he made no objection at all, everything went right along until 1966, some 18 years. Certainly during that period of time if he had a claim he should have attempted to enforce it instead of waiting until now, so the Defendant's motion will be granted.

We do not find it necessary to discuss the application of the doctrine of laches. The 10-year statute of limitation against actions for the recovery of real property, and the 6-year statute for the recovery of rents, profits, or for the use and occupancy of real estate are dispositive of the instant case. See *Pilcher v. Lotzgesell,* 57 Wash. 471, 107 P.

340 (1910); *In re Estate of Neisz,* 152 Wash. 336, 277 P. 849 (1929); *See also, Arneman v. Arneman,* 43 Wn.2d 787, 264 P.2d 256, 45 A.L.R.2d 370 (1953).

Finally, plaintiff argues that the motion for judgment on the pleadings should not have been granted because he did not have an opportunity to make a reply or amend his complaint rebutting the bar of the statute of limitations.

█ Plaintiff admits that he did not tender a reply; and there is nothing in the record to support a conclusion that he requested the right to amend. The question not having been presented to the trial court, it cannot be considered for the first time on appeal.

The judgment is affirmed.

ROSELLINI, HALE, and McGOVERN, JJ., and STAFFORD, J. Pro Tem., concur.