[No. 916-3.    Division Three.    January 10, 1975.]

ELAINE G. GRASSER, *Appellant,* v. GEORGE T. P. BLAKKOLB, as *Administrator, Respondent.*

---

[12]*State v. Mack,* 80 Wn.2d 19, 490 P.2d 1303 (1971); *State v. Finnegan,* 6 Wn. App. 612, 624, 495 P.2d 674 (1972).

*Charles T. Sharp,* for appellant.

*S. Dean Arnold,* for respondent.

Munson, J.—Claimant appeals from an order dismissing her action on a rejected creditor's claim brought in an ancillary jurisdiction.

The decedent, a resident of Idaho, owned real estate in Asotin County, Washington. Her will was admitted to probate in the state of Idaho. An ancillary probate was filed in Washington; the defendant was appointed administrator.

Claimant filed a claim in both probates seeking compensation for personal service rendered to the decedent. The *Idaho* executor rejected it by mailing a notice to claimant's Idaho attorney. The Washington administrator, by certified mail, mailed the notice of rejection to the claimant on March 14, 1973. The envelope containing this notice was ultimately returned, marked "unclaimed," with additional notations that a first notice had been given to the claimant on March 15, 1973, a second notice March 22, 1973, and that the unopened envelope had been returned on March 29, 1973. More than 30 days after the notice had originally been mailed, claimant's attorney inquired of the administrator's attorney why he had failed to act upon the claim. This inquiry was promptly answered by mailing a copy of the notice of rejection to claimant's counsel. Within 30 days of mailing the notice to plaintiff's counsel, this suit was instituted.

Claimant urges that the first notice of rejection should have been sent to her attorney pursuant to CR 5(b)(1):

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court.

We disagree for two reasons. First, CR 5 does not apply,

because "[t]hese rules govern the procedure in the superior court in *all suits of a civil nature* . . ." (Italics ours.) CR 1. The rejection of a claim in a probate matter is not a civil suit. *Van Duyn v. Van Duyn*, 129 Wash. 428, 432, 255 P. 444, 227 P. 321 (1924).

■ Secondly, the administrator did proceed pursuant to RCW 11.40.030: "If the . . . [administrator] reject the claim . . . , he shall notify the claimant forthwith of said rejection . . . by personal service or registered . . . mail . . ." (Since amended by Laws of 1974, 1st Ex Sess., ch. 117, § 35.) Whenever registered mail is authorized as means of notice, certified mail may be used. RCW 1.12.060. The notice provision is for the protection of the claimant. While service of such notice upon the attorney may preclude the administrator from claiming lack of such rejection, *Mallicott v. Nelson*, 48 Wn.2d 273, 275, 293 P.2d 404 (1956), an administrator is not required to serve claimant's attorney.

Furthermore, as set forth in *Robel v. Highline Pub. School Dist. 401*, 65 Wn.2d 477, 482, 398 P.2d 1 (1965):

> The general rule is that when a statute requires notice be served upon a person for the purpose of creating liabilities or determining rights, personal service is intended, unless some other mode of service is expressly authorized. . . .
>
> . . . In *Van Duyn v. Van Duyn*, 129 Wash. 428, 225 Pac. 444, 227 Pac. 321 (1924), wherein the issue was the application of RCW 11.40.030 authorizing notice of rejection of creditor's claims to be by personal service or registered mail, on rehearing en banc, we stated (p. 435):
>
> ". . . when the notice of the rejection of the claim is given to the claimant by registered mail, the notification is in no event complete, so as to start the thirty-day statute running, until a reasonable time for the transmission and receipt of the notice has elapsed following the deposit of the notice in the post office. . . ."
>
> . . . [W]e deem the rule announced in the *Van Duyn* case to be a fair and equitable one, and within the knowledge of the legislature in adding the existing notice-serving provisions. . . .

We do not conceive, however, the *Van Duyn* rule to be so broad as to permit the intended recipient of certified or registered mail *to ignore customary and established methods of postal notification and delivery of such mail.* While the reasonable time necessary for transmission and receipt . . . may vary somewhat, . . . *it cannot be deemed to comprehend utter disregard of a notice or notices of the arrival of such a letter.*

(Italics ours.) This language is controlling in the instant case. The claimant makes no attempt to provide any reason, or describe any circumstances which may have existed prohibiting her from receiving the notice of rejection. We are then left with the fact that the instant suit was not instituted within 30 days after a reasonable time for transmission and receipt of the notification of the rejection of this claim. RCW 11.40.060.[1]

■ Although the trial court's order of dismissal was based upon a theory other than the above, if it can be sustained upon any ground, it will be upheld.[2] *Stevens v. Stevens,* 10 Wn. App. 493, 497, 519 P.2d 269 (1974); *Dobias v. Western Farmers Ass'n,* 6 Wn. App. 194, 197, 491 P.2d 1346 (1971); *Sunde v. Tollett,* 2 Wn. App. 640, 643, 469 P.2d 212, 41 A.L.R.3d 319 (1970).

Judgment is affirmed.

GREEN, C.J., and McINTURFF, J., concur.

Petition for rehearing denied February 3, 1975.

Review denied by Supreme Court March 25, 1975.

---

[1] "When a claim is rejected by either the personal representative or the court, the holder must bring suit in the proper court against the personal representative within thirty days after notification of the rejection, otherwise the claim shall be forever barred." (Since amended by Laws of 1974, 1st Ex. Sess., ch. 117, § 37.)

[2] The trial court dismissed the action on the basis that the "proper venue for the action is against the domiciliary personal representative and not the ancillary representative." We note in passing there is authority for proceeding in that manner. Restatement (Second) of Conflicts of Law § 342, comment *b*, at 408 (1971). It is further noted that once suit is brought upon a rejected claim in one jurisdiction and judgment entered for the defendant on the merits, such judgment will bar an action against an administrator of the same decedent's estate in another state. Restatement (Second) of Conflicts of Law § 357 (1971).