[No. 2960–3.    Division Three.    July 19, 1979.]

*In the Matter of the Estate of*
WILLIAM J. YOUNG.

*A. J. Losee*, for appellant.

*Ross R. Rakow* and *Rakow & Nickerson*, for respondent.

GREEN, C.J.—Beatrice Bolle appeals from an order dismissing her petition to set aside the probate of the will of her father, William J. Young. Three issues are presented: (1) Was the petition challenging the will timely filed? (2) Should the notice of the pendency of probate of a will advise the recipient of the time within which he must file a will contest? and (3) Was there adequate proof of the decedent's execution of the will to support admission of the will to probate?

On November 27, 1977, William F. Young, son of the decedent, petitioned the Superior Court for Klickitat County for an order admitting the will of his father to probate. The petition recited that the father died on November 22, 1977; that he was a resident of Klickitat County; that he died testate; that the will was executed in the presence of two witnesses; and that the will provided that his son should be appointed executor. An order stating the facts necessary for jurisdiction in admitting the will to probate was signed that same day. Notice of appointment of the executor and the pendency of the probate proceedings, together with a copy of the will, was mailed on November 23, 1977, to the petitioner in this action. Almost 6 months later, on May 19, 1978, after the notice of hearing on the executor's final account and petition for distribution, Mrs. Bolle filed her petition to set aside the will, alleging that undue influence had been exerted on her father to induce him to sign the will. By amended petition, Mrs.

Bolle further alleged that the testimony in support of the will was not reduced to writing and certified by the court as required by statute. The court dismissed this petition and, on June 5, 1978, entered an order approving the final accounting and authorizing distribution of the estate.

First, the petitioner contends that the 4–month time limitation for filing a will contest runs from the date of the order discharging the executor and closing the estate, rather than from the date of the order admitting the will to probate. Consequently, she urges her petition was timely filed and the court erred in dismissing it. We disagree.

RCW 11.24.010 provides:

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, . . . he shall file a petition containing his objections and exceptions to said will, . . .

It has been held that the time period contained in this statute begins running from the date the will is admitted to probate. *In re Estate of Barr,* 76 Wn.2d 59, 60–61, 455 P.2d 585 (1969). *See also State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 P. 494 (1913). *Barr* supports the trial court's dismissal of the petition in this case.

Second, the petitioner claims that this 4–month statute of limitation coupled with allegedly inadequate notice requirements have denied her due process of law. She argues that the notice of appointment of executor and pendency of probate proceedings to the heirs and devisees should advise them of the limitation upon their right to challenge the will and the procedure for initiating such challenge. Her argument is premised on RCW 11.04.250 which vests title to the real property of the decedent in the heirs or devisees on the date of the decedent's death. According to the petitioner, she is entitled to a more explicit notice before she may be deprived through probate proceedings of her right and title in that real property. We disagree.

RCW 11.04.250 states:

> When a person dies seized of lands . . . his title shall vest immediately in his heirs or devisees, subject to his debts, family allowance, expenses of administration and any other charges for which such real estate is liable under existing laws. No administration of the estate of such decedent, and no decree of distribution or other finding or order of any court shall be necessary in any case to vest such title in the heirs or devisees, but the same shall vest in the heirs or devisees instantly upon the death of such decedent: *Provided,* That no person shall be deemed a devisee until the will has been probated.

Here, the petitioner would be entitled to a half interest in the decedent's real property if the estate was distributed according to the laws of intestate succession, but, under the probated will, she takes only the amount bequeathed her—$5,000. The notice given to petitioner immediately following admission of the will to probate read:

> Notice is hereby given that on the 23rd day of November, 1977, the undersigned was appointed as executor of the estate of William J. Young, deceased, and that the probate proceedings are pending in said estate.
> Dated this 23rd day of November, 1977.
> Signed        William F. Young

The notice is in conformity with RCW 11.28.237:

> Within twenty days after appointment, the personal representative of the estate of a decedent shall cause written notice of his appointment and the pendency of said probate proceedings, to be served personally or by mail to each heir, legatee and devisee of the estate whose names and addresses are known to him, and proof of such mailing or service shall be made by affidavit and filed in the cause.

The petitioner claims that the above notice is insufficient to meet the requirements of due process. She relies upon cases requiring reasonable notice. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 94 L. Ed. 865, 70 S. Ct. 652 (1950); and *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 56 L. Ed. 2d 30, 40, 98 S. Ct. 1554 (1978).

In *In re Estate of Shew,* 48 Wn.2d 732, 296 P.2d 667 (1956), the court held that an award in lieu of homestead may be made without notice following the mailing of the notice of the appointment of a personal representative and admission of the will to probate. In analyzing *In re Estate of Shew,* the commentator in 32 Wash. L. Rev. 165, 179 (1957), observed:

> RCW 11.76.040 [now codified as RCW 11.28.237] requires that notice be given to known heirs and distributees within twenty days after the appointment of an executor or administrator. Twenty days before a hearing on the final report and petition for distribution, another notice must be given by the executor or administrator. Certainly an heir or distributee must know that an award in lieu of homestead may be made as a matter of course during the probate of an estate, as here, and that a person who intends to object to such an award must be put to some duty to guard his own interests.

(Footnote omitted.) O'Dea, *Adequacy of Notice—Due Process,* 32 Wash. L. Rev. 165, 179 (1957).

██ This rationale is applicable here and satisfied the petitioner's due process argument. The record reveals that at the time petitioner was mailed notice of the appointment of the personal representative and the pendency of probate, she was also sent a copy of the will. At this point, petitioner was put on notice that the estate would be administered in accordance with the terms of the will unless she acted to forestall its probate. While she consulted counsel during the 4–month time period following the admission of the will to probate, she took no legal action to challenge the will. The cases cited by petitioner require reasonable notice, not the specific notice she argues for in this case. We find that the notice given according to statute in this proceeding is reasonable and adequate.

Third, the petitioner points out that the testimony in support of the will, if given, was not reduced to writing and certified by the judge; therefore, the will was erroneously admitted to probate. She relies on RCW 11.20.020(1):

Upon such hearing [on the application for probate of a will] the court shall make and cause to be entered a formal order, either establishing and probating such will, or refusing to establish and probate the same, and such order shall be conclusive except in the event of a contest of such will as hereinafter provided. All testimony in support of the will shall be reduced to writing, signed by the witnesses, and certified by the judge of the court.

However, RCW 11.20.020(2) provides an alternate method for establishing the valid execution of a will:

In addition to the foregoing procedure for the proof of wills, any or all of the attesting witnesses to a will may . . . make an affidavit before any person authorized to administer oaths, stating such facts as they would be required to testify to in court to prove such will, which affidavit may be written on the will or may be attached to the will or to a photographic copy of the will.

This alternate procedure was followed in the instant case. We find no error.

■ Finally, the petitioner contends that the will was invalid on its face because it did not contain the testator's "signature," only his "mark." She contends that RCW 11.12.030 requires that where the testator cannot personally write his name, the testator's name must be signed by someone else, then validated by the testator's mark. That statute provides:

Every person who shall sign the testator's or testatrix's name to any will by his or her direction shall subscribe his own name to such will and state that he subscribed the testator's name at his request: *Provided,* That such signing and statement shall not be required if the testator shall evidence the approval of the signature so made at his request by making his mark on the will.

The petitioner has misconstrued the statute. It is well established that a mark alone meets the requirements of the statute requiring the testator to sign his will. *Wilson v. Craig,* 86 Wash. 465, 470, 150 P. 1179 (1915); *Points v. Nier,* 91 Wash. 20, 26–27, 157 P. 44 (1916). As the executor points out, RCW 11.12.030 merely sets out the procedure

by which a testator may authorize his signature when that signature is written by someone other than himself.

Affirmed.

MUNSON and McINTURFF, JJ., concur.