[No. 15893-4-III. Division Three. May 26, 1998.]

*In the Matter of the Estate of* BELA E. TOTH.

JULIA "JULIE" I. WEBB, ET AL., *Appellants*, v. JACK C. COOKE, *Respondent.*

*Scott A. Everard,* for appellants.

*Daniel M. Danforth* of *Lukins & Annis, P.S.,* for respondent.

SCHULTHEIS, C.J. — A will contest must be filed within four months from the date the will is admitted to probate. RCW 11.24.010. The order admitting the will of Bela Toth to probate and appointing Jack Cooke personal representative of the estate was filed on June 16, 1995. Mr. Toth's relatives, Julia Webb, Bobbi Sabo and Ilona Webb, filed a petition contesting the will four months and three days later. The petition was dismissed as time-barred and the petitioners appeal, contending (1) CR 6(e) applies to extend the limitation period by three days, (2) common law allowing for a reasonable time to receive notice by mail applies to probate proceedings, and (3) notice pursuant to RCW 11.28.237 for pendency of probate is constitutionally inadequate. We agree that CR 6(e) applies to these facts and reverse.

Bela Toth, age 89, died testate on May 18, 1995. Mr. Cooke, a friend of Mr. Toth, was named personal representative pursuant to the will admitted to probate in Spokane County Superior Court on June 16. He was also named the primary beneficiary. Copies of the notice of appointment, notice to creditors and pendency of probate were sent several days later to Mr. Toth's legatees: the El Katif Shrine Temple, the Alumni Fund of the University of Idaho and Mr. Cooke. On June 30, Mr. Cooke sent copies of the notices to the two Ms. Webbs and Ms. Sabo (appellants).

On October 19, 1995, the appellants filed a pro se petition under a separate cause number contesting Mr. Toth's will. They asserted that Mr. Toth's mental condition was intact in February 1985 when he executed a will prepared by his longtime attorney, Fred Schuchart. This will and another prepared by Mr. Schuchart in December 1991 (never signed) left Mr. Toth's residual estate to the appellants and did not include a bequest to Mr. Cooke. These older wills also did not appoint Mr. Cooke personal representative. The petition alleged that Mr. Toth suffered a "severe cerebral vascular accident with impairment of memory and cognitive ability" in February 1992. The appellants further asserted that the purported will dated April 6, 1992, was executed when Mr. Toth did not possess his mental faculties and was executed as a direct result of fraud, lack of capacity and undue influence.

Mr. Cooke was not served with a copy of the petition contesting the will. On January 22, 1996, Mr. Cooke mailed the appellants a notice of the completion of probate and advised them any objections needed to be filed within 30 days. No objections were filed. Mr. Cooke learned of the petition contesting the will on March 19, 1996, when he was being deposed on another matter. On March 28, he moved for an order to dismiss the petition pursuant to CR 12(b)(6). He alleged that the petition violated the RCW 11.24.010 four-month statute of limitations.

Following several continuances, the matter was heard on May 31, 1996. The trial court entered an order dismissing

the will contest as barred by RCW 11.24.010 and awarding Mr. Cooke attorney fees. This appeal followed. Mr. Cooke moved this court on the merits to affirm the trial court. The motion was denied by a commissioner of this court and the case was set for argument.

 Will contests are statutory proceedings and the trial court's jurisdiction must be exercised under the limitations prescribed by statute. *In re Estate of Van Dyke*, 54 Wn. App. 225, 228, 772 P.2d 1049 (1989). The court is free to construe the probate statutes in the manner that in its judgment will "best accord with their purpose and spirit." *Myers v. Myers*, 8 Wn. App. 475, 477, 506 P.2d 1336 (1973) (quoting *In re Estate of Langill*, 117 Wash. 268, 270, 201 P. 28 (1921)). This purpose and spirit is best described by RCW 11.96.020:

> If the provisions of this title with reference to the administration and settlement of such matters should in any cases and under any circumstances be inapplicable, insufficient, or doubtful, the court shall nevertheless have full power and authority to proceed with such administration and settlement in any manner and way which to the court seems right and proper, all to the end that such matters may be administered and settled by the court.

We also note that the law favors the resolution of legitimate disputes brought before the court, rather than leaving parties without a remedy. *In re Estate of Palucci*, 61 Wn. App. 412, 416, 810 P.2d 970 (1991); *Van Dyke*, 54 Wn. App. at 231.

RCW 11.24.010 authorizes any interested person to contest the probate or rejection of a will if the person petitions the court within four months after entry of the order admitting a will to probate or rejection. *Palucci*, 61 Wn. App. at 415. In its entirety, the statute provides:

> If any person interested in any will shall appear within four months immediately following the probate or rejection thereof, and by petition to the court having jurisdiction contest the validity of said will, or appear to have the will proven which has

been rejected, he or she shall file a petition containing his or her objections and exceptions to said will, or to the rejection thereof. Issues respecting the competency of the deceased to make a last will and testament, or respecting the execution by a deceased of the last will and testament under restraint or undue influence or fraudulent representations, or for any other cause affecting the validity of the will or a part of it, shall be tried and determined by the court.

If no person shall appear within the time under this section, the probate or rejection of such will shall be binding and final.

RCW 11.24.010.

It is well settled that the time period in the statute begins running from the date the will is admitted to probate. *In re Estate of Barr*, 76 Wn.2d 59, 60-61, 455 P.2d 585 (1969); *In re Estate of Young*, 23 Wn. App. 761, 763, 598 P.2d 7 (1979). Although the appellants concede they did not comply with the four-month requirement of RCW 11.24.010, they contend we should apply CR 6(e) to extend the period by three days.

The rule provides that "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period." CR 6(e). Mr. Cooke properly notified the appellants by mail of his appointment and the pendency of probate. RCW 11.28.237. Because notice arrived by mail and they were required to contest the will within four months of its admittance into probate, the appellants argue CR 6(e) applies to add three days to the limitations period. Mr. Cooke disagrees, arguing that CR 6(e), by its terms, applies only to those situations where a party has to respond within a certain time measured from the date of notice. Here, he contends, the statutory period begins on the date the will is admitted to probate, not on the date notice is sent to the interested parties.

There is no controlling authority to support the appellants' position that CR 6(e) applies to probate proceedings.

The appellants argue *Stikes Woods Neighborhood Ass'n v. City of Lacey*, 124 Wn.2d 459, 880 P.2d 25 (1994) supports application of the rule to the filing of will contests. But *Stikes* simply interprets CR 6(a) as superseding RCW 1.12.040. *Stikes*, 124 Wn.2d at 465-66. CR 6(a) provides that the final Saturday must be excluded in computing statutes of limitations periods, while former RCW 1.12.040 included the last Saturday in such computations. *Stikes* overrules in part *Tarabochia v. Town of Gig Harbor*, 28 Wn. App. 119, 622 P.2d 1283 (1981), a case that declined to apply the three-day extension of CR 6(e) to the time in which a petition must be filed to review an administrative decision. *Tarabochia*'s decision that CR 6(e) does not apply prior to the commencement of an action was specifically overruled by *Stikes*, 124 Wn.2d at 466. *Stikes* does not, however, stand for the proposition that CR 6(e) applies to will contest probate proceedings.

■ ■ Recognizing that the court rules are to be construed so that they "secure the just, speedy, and inexpensive determination of every action," CR 1, we find that the facts support application of CR 6(e). While it is true that the four-month period does not begin to run upon the mailing of the notice to interested parties, it is also true that the parties have a prescribed period of time in which to respond after receiving notice of the pendency of probate. This period is further attenuated by the fact that the personal representative is granted 20 days within which to send the notice. RCW 11.28.237. If an interested party does not receive such notice, the statute of limitations is tolled. *See In re Estate of Walker*, 10 Wn. App. 925, 929-30, 521 P.2d 43 (1974). Clearly notice of the pendency of probate is crucial to the probate proceedings, and clearly the party receiving notice is required to do some act within a prescribed time. Extension of the four-month period by three days here because notice was sent by mail does not appreciably affect the speedy resolution of probate and does allow a legitimate dispute to reach the court. Contrary to Mr. Cooke's argument, CR 6(b) provides for an enlarge-

ment of time not only when a party is required to take some action but also when "an act is . . . *allowed* to be done." (Emphasis added.)

In an alternative argument, the appellants contend *Grasser v. Blakkolb*, 12 Wn. App. 529, 531, 530 P.2d 684 (1975) (quoting *Robel v. Highline Pub. Schs., Dist. No. 401*, 65 Wn.2d 477, 482, 398 P.2d 1 (1965)) supports application of a "reasonable time for the transmission and receipt of the notice" rule. *Grasser* is neither controlling authority nor applicable by analogy here. That case involves receipt of the notice of rejection of a probate claim, which had to be served by registered mail or in person. Former RCW 11.40.030. Washington courts recognize that the "customary and established methods" employed by postal employees to notify a recipient of registered mail vary. *Grasser*, 12 Wn. App. at 532 (quoting *Robel*, 65 Wn.2d at 482) (emphasis omitted). Accordingly, *Grasser* held that when a claimant can show he or she did not receive the notice of rejection sent by registered mail, the 30-day period for filing suit after receipt of the notice may be tolled. 12 Wn. App. at 532. In the case before us, the statute does not require service by registered mail and the appellants do not claim they received notice of the pendency of probate in an untimely manner.

■ As for the notice itself, the appellants claim notice that complies with the minimum standards of RCW 11.28.237 is constitutionally defective. The statute requires only that the personal representative serve notice personally or by mail that he or she has been appointed and that probate proceedings are pending. RCW 11.28.237. Failure to timely notify interested parties in conformity with the statute denies them due process and renders the decree of distribution void. *Walker*, 10 Wn. App. at 930.

The appellants claim due process should require more than the bare notice of pending probate. They contend the notice should include the information that the will may be contested and the procedure for contesting. This issue was raised and rejected in *Young*, 23 Wn. App. at 763-65. There,

notice pursuant to RCW 11.28.237 was sent to an heir along with a copy of the will. The court found that the specific notice of the statute was reasonable and adequate to put interested parties on notice that the estate would be administered according to the terms of the will unless they acted to forestall probate. *Young*, 23 Wn. App. at 765. Although the record here does not reveal whether Mr. Cooke sent the appellants copies of the will with the notice, that fact is not dispositive, because they admit they consulted with attorneys during the four-month period and were clearly on notice that the estate was scheduled to be probated.

Finally, the appellants contend the order admitting the will to probate is void because the record shows that the will is based on fraud and undue influence. They contend, without citation to authority, that a decision, judgment or decree based on fraud will be voided as a matter of public policy so that one may not profit from misdeeds.

██ While CR 60(b) authorizes a court to vacate a judgment for fraud, misrepresentation or other misconduct of a party, such fraud must relate to the procurement of the judgment, not to an underlying cause of action for fraud. *Lindgren v. Lindgren*, 58 Wn. App. 588, 596, 794 P.2d 526 (1990), *review denied*, 116 Wn.2d 1009 (1991). In other words, the moving party must establish that the adverse party's fraudulent conduct prevented the moving party from "fully and fairly presenting its case . . . ." *Id.* at 596. Mr. Cooke's alleged fraudulent conduct here does not relate to the appellants' ability to present their case. He gave them statutorily adequate notice of the pending probate. Fraud in procuring the probate of a will must be raised in a will contest within the time fixed by statute. *In re Estate of Nielsen*, 198 Wash. 124, 130, 87 P.2d 298 (1939). Any other allegations relating to the validity of the will also must be addressed at that time. *Id.*

In summary, we find that the facts support application of CR 6(e) and that the appellants timely contested the validity of the will. Accordingly, we reverse the dismissal of their RCW 11.24.010 petition.

212

SWEENEY and BROWN, JJ., concur.

Review granted at 137 Wn.2d 1001 (1999).