[No. 67053-6.   En Banc.]

Argued May 18, 1999.      Decided August 5, 1999.

*In the Matter of the Estate of* BELA E. TOTH, JULIA I. WEBB, ET AL., *Respondents*, and JACK C. COOKE, *Petitioner.*

*Erika Balazs* of *Lukins & Annis, P.S.*, for petitioner.

*Scott A. Everard*; and *Frank Conklin*, for respondents.

GUY, C.J. — Jack C. Cooke, the personal representative of Bela Toth's estate, seeks review of a published Court of Appeals' decision applying CR 6(e) to extend the statutory time period for contesting a will when the interested parties receive notice of the will's admission to probate by mail. Cooke contends that CR 6(e) does not apply to will contests and that the four-month time period for will contests provided under RCW 11.24.010 is absolute. Because the will contest in this case was filed more than four months after Toth's will was admitted to probate, Cooke argues that the will contest should be dismissed as untimely.

We hold that CR 6(e) does not apply to extend the four-month time period for contesting a will under RCW 11.24.010. Accordingly, we reverse the Court of Appeals and dismiss the Webbs' will contest as untimely filed.

## FACTS

Bela Toth died testate on May 18, 1995. Toth's Last Will and Testament, drafted in April 1992, named Jack C. Cooke (Cooke) as the personal representative of the estate and primary beneficiary under the will. On June 16, 1995, the superior court issued an order admitting Toth's will to probate and appointing Cooke as the personal representative of the estate. In accordance with RCW 11.28.237, Cooke mailed notice of his appointment as personal representative of the estate to Toth's relatives, Julia Webb, Bobbi Szabo, and Ilona Webb (the Webbs).

The Webbs filed a pro se petition contesting the will on

October 19, 1995. The Webbs argued that Bela Toth lacked testamentary capacity at the time the April 1992 will was executed. According to the Webbs, Toth suffered a severe stroke in January or February of 1992 that left him mentally incapacitated and unable to appreciate the nature and/or extent of the will. A letter attached to the Webbs' petition from Dr. Glen Ruark indicated that Toth had suffered a "severe cerebral vascular accident" that impaired Toth's memory and cognitive ability "to a major extent." The Webbs asserted that Toth's 1992 will was the product of undue influence or fraud exercised by Jack Cooke.[1]

After learning of the Webbs' will contest, Cooke filed a 12(b)(6) motion to dismiss the petition as untimely. He argued that the Webbs' petition should be dismissed because it exceeded by three days the four-month period for will contests under RCW 11.24.010. The trial court granted the motion, concluding that the contest was untimely. The Webbs appealed, and the Court of Appeals reversed. *In re Estate of Toth*, 91 Wn. App. 204, 955 P.2d 856 (1998). The court held that the time period for will contests is extended by three days under CR 6(e) when the interested parties receive notice of the will's admission to probate by mail. *In re Toth*, 91 Wn. App. at 205. Accordingly, the court concluded that the Webbs' will contest was timely filed. Cooke filed a petition for discretionary review, which we granted.

After this court granted review, Julia Webb filed a motion before this court to direct the taking of additional evidence under RAP 9.11, arguing that she was never served with notice of the probate proceedings. Ms. Webb has submitted a declaration indicating that while she received a cover letter from Cooke's attorneys and a copy of Bela

---

[1]The Webbs argued that Toth's mental capacity was intact when he executed wills in 1985 and 1991. According to the Webbs, Jack Cooke was purposefully omitted as personal representative or beneficiary under these wills.

Toth's will, she never received a formal notice of probate. That motion has been passed to the merits.

## ISSUE

Does CR 6(e) apply to extend the time period for contesting a will under RCW 11.24.010 if notice of the Will's admission to probate is sent by mail?

## ANALYSIS

■ Will contests are statutory proceedings, and courts "must be governed by the provisions of the applicable statute." *In re Estate of Van Dyke*, 54 Wn. App. 225, 228, 772 P.2d 1049 (1989). RCW 11.24.010 sets the time period for interested parties seeking to contest wills that have been admitted to probate. The statute provides that any person seeking to contest a will "shall appear within four months immediately following the probate or rejection" of the will. Washington cases have held that the time period imposed by RCW 11.24.010 begins to run on the date the will is admitted to probate. *In re Estate of Barr*, 76 Wn.2d 59, 60-61, 455 P.2d 585 (1969); *In re Estate of Young*, 23 Wn. App. 761, 763, 598 P.2d 7 (1979). It is undisputed that the Webbs' will contest exceeded this four-month period by three days.

■ ■ Nevertheless, the Webbs assert that their will contest was timely filed. They argue that the time period for filing a will contest under RCW 11.24.010 is extended by three days under CR 6(e) when the interested parties receive notice of the will's admission to probate by mail. CR 6(e) is a general rule that extends the time allotted to parties to respond when the parties receive the notice requiring a response by mail. CR 6(e) provides:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.

The Webbs argue that CR 6(e) applies to probate proceed-

ings and extends the time period for initiating a will contest by three days when notice that the will has been admitted to probate is received by mail. Accordingly, the Webbs contend that their will contest was timely filed.

The question of whether CR 6(e) applies to probate proceedings, or to the four-month statute of limitation in RCW 11.24.010 specifically, has not been addressed by this court. However, as noted above, the clear language of RCW 11.24.010 provides that a person contesting a will shall do so "within four months immediately following" the will's admission to probate. Nothing in the language of the statute suggests that this time period is extended depending upon the interested parties' receipt of notice that the will has been admitted to probate.

Furthermore, the language of CR 6(e) indicates that the rule is inapplicable to will contests. The rule provides three additional days to respond when the response is required "after the service of a notice or other paper upon him." CR 6(e). By its plain text, CR 6(e) operates to toll the response time only in cases in which a party is required to respond within a certain time after being served or notified. The rule does not apply when the prescribed period of time in which the parties are required to respond is triggered by an event other than the service of notice upon the party. A will contest does not fall within the meaning of CR 6(e) as a response required within a certain time after the service of notice upon an interested party. Instead, the time limitation for the initiation of a will contest is triggered by the will's admission to probate. Even though notice must be served to the parties involved under RCW 11.28.237, the party is not required to respond within a certain time after receiving this notice. Instead, the will contestant's time period in which to act is tied to the date the will is admitted to probate, regardless of when the contestant receives notice.[2] RCW 11.24.010 does not even discuss notice to the interested party.

---

[2]The parties must receive notice of the will's admission to probate, however. When an interested party is not served with notice of the will's admission to

Applying CR 6(e) to probate proceedings would also be inconsistent with the purposes underlying that rule. Rule 6(e) was adopted in order to mitigate the effects of CR 5(b), which provides that service is complete upon mailing, rather than delivery, of the notice. 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1171, at 514 (2d ed. 1987) (Rule 6(e) is "a fair compromise between the harshness of measuring strictly from the date of mailing and the indefiniteness of attempting to measure from the date of receipt"). Rule 6(e) allows parties three additional days to respond in order to compensate for the transmission time when the notice is mailed. However, if a statute requires parties to respond within a certain time period not tied to their receipt of notice, there is no reason to apply CR 6(e) to extend the response time.

Despite language in RCW 11.24.010 and CR 6(e) indicating that CR 6(e) is not applicable to will contests, the Webbs nevertheless argue that applying CR 6(e) to probate proceedings is consistent with Washington case law. As support for their assertion, the Webbs point to *Stikes Woods Neighborhood Ass'n v. City of Lacey*, 124 Wn.2d 459, 880 P.2d 25 (1994). *Stikes* dealt with a conflict between CR 6(a) and RCW 1.12.040 as to whether final Saturdays should be excluded in computing statutes of limitations. Because the statute and the civil rule conflicted, this court concluded that CR 6(a) superseded the statute. *Stikes*, 124 Wn.2d at 465-66. In *Stikes*, we rejected a line of cases starting with *Tarabochia v. Town of Gig Harbor*, 28 Wn. App. 119, 622 P.2d 1283 (1981), suggesting that civil rules have no effect prior to the commencement of an action. *Tarabochia* addressed a question similar to the one presented in this case: whether CR 6(e) extends the time for filing petitions for review of an administrative agency's final decision. The Court of Appeals declined to apply CR 6(e), arguing that the civil rules have no effect prior to the commencement of an action. *Tarabochia*, 28 Wn. App. at 123. Because this

---

probate, the statute of limitation for will contests is tolled. *Hesthagen v. Harby*, 78 Wn.2d 934, 481 P.2d 438 (1971); *In re Estate of Walker*, 10 Wn. App. 925, 521 P.2d 43 (1974).

court overruled *Tarabochia*, the Webbs argue *Stikes* mandates that CR 6(e) be applied to compute the time for statutes of limitations when parties are served by mail.

Contrary to the Webbs' assertions, *Stikes* does not support the proposition that CR 6(e) is applicable to probate proceedings. *Stikes* merely rejected the *Tarabochia* court's conclusion that civil rules have no effect prior to the commencement of an action. *Stikes*, 124 Wn.2d at 466. However, the issue of whether to apply CR 6(e) in this case is not related to *Tarabochia*'s overturned holding regarding the applicability of the civil rules. Rather, the issue hinges upon the scope of CR 6(e) itself. It does not automatically follow from this court's partial overruling of *Tarabochia* in *Stikes* that CR 6(e) must be applied to extend the time for will contests under RCW 11.24.010.

In fact, Washington case law supports the dismissal of the Webbs' petition. This court has strictly enforced the statutory period for filing will contest petitions. *See State ex rel. Wood v. Superior Court*, 76 Wash. 27, 135 P. 494 (1913) (dismissing will contest filed one day after the statutory period for filing a will contest). "Where the statute authorizes the contest of a will, and specifies the time within which such contest may be instituted, the court has no jurisdiction to hear and determine a contest begun after the expiration of the time fixed in the statute." *State ex rel. Wood*, 76 Wash. at 30-31. Similarly, Washington commentators have noted the strict interpretation of the time period for will contests:

> The four-month period is absolute. There are no exceptions to the rule and no equitable doctrines to afford any flexibility. If the Will contest is not filed prior to the expiration of the four-month period, the contest will be absolutely barred.

BRUCE R. MOEN, NAT'L BUS. INST., INC., WASHINGTON PROBATE: BEYOND THE BASICS 171 (1996).

We therefore conclude that the four-month time period in which to contest a will under RCW 11.24.010 is not extended by three days under CR 6(e), even if the interested

parties receive notice of the will's admission to probate by mail. As acknowledged by the Court of Appeals, "[t]here is no controlling authority to support the . . . position that CR 6(e) applies to probate proceedings." *In re Toth*, 91 Wn. App. at 208. We are not unmindful of the inequities of this case. However, factual inequities do not justify circumventing a clear rule articulated by the Legislature. Accordingly, we reverse and hold that CR 6(e) does not apply to will contests under RCW 11.24.010.[3]

As to the motion to direct the taking of additional evidence, Ms. Webb has failed to show that granting the motion is warranted under RAP 9.11. Webb completely fails to address three of the six conditions necessary to warrant the taking of additional evidence on appeal. We therefore deny Webb's motion.

## CONCLUSION

RCW 11.24.010 provides that a party has four months from the date a will is admitted to probate to initiate a will contest. This four-month statute of limitation applies regardless of whether the party receives notice of the will's admission to probate by mail. We reverse the Court of Appeals and hold that CR 6(e) does not extend the statutory time period in which to bring a will contest. The Webbs' will contest is dismissed as untimely.

SMITH, JOHNSON, MADSEN, ALEXANDER, TALMADGE, SANDERS, and IRELAND, JJ., and KENNEDY, J. Pro Tem., concur.

---

[3]Our holding in this case is limited to the Webbs' untimely will contest. We reverse without prejudice to any rights or other causes of action the Webbs may have.