

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE SEP 2 4 2015

Madsen, C.J.

CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on Sept. 24, 2015

for Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of | ) |
| | ) |
| VIRGINIA J. JEPSEN, | ) |
| | ) |
| Deceased | )   No. 90874-5 |
| | ) |
| JULIE MILES, as Personal | ) |
| Representative of the Estate of | ) |
| Virginia J. Jepsen, | )   EN BANC |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Filed:   SEP 2 4 2015 |
| | ) |
| MACK JEPSEN, | ) |
| | ) |
| Respondent. | ) |
| | ) |

YU, J.— In order to commence a will contest action, there must be timely personal service of the will contest petition on the estate's personal representative. Here, the will contest petition was never personally served on the personal representative. The action was therefore never fully commenced and should have been dismissed. We reverse the Court of Appeals.

## FACTUAL AND PROCEDURAL HISTORY

Virginia J. Jepsen executed her last will and testament on July 1, 2009, and died on November 16, 2011. On December 20, 2011, the superior court admitted Jepsen's will to probate, declared the estate was solvent, and appointed Julie Miles as personal representative (PR) with nonintervention powers.

On March 22, 2012, Jepsen's adult son, Mack,[1] filed a petition contesting the validity of Jepsen's will. Mack's attorney e-mailed the petition to the PR's attorney the same day it was filed. There is nothing in the record showing that the PR affirmatively agreed to accept e-mail service on her attorney in lieu of personal service on the PR. On April 27, 2012, the PR filed a response to Mack's petition, denying its substantive allegations but not raising any affirmative defenses.

On October 31, 2012, the PR filed a motion to dismiss Mack's petition because it was not personally served within 90 days of filing. The trial court initially granted the PR's motion but reversed itself on reconsideration, holding that service under RCW 11.24.010 went solely to personal jurisdiction and that any objection on that basis was waived. The PR appealed, and the Court of Appeals affirmed in an unpublished decision. *In re Estate of Jepsen*, noted at 183 Wn. App. 1020 (2014), *review granted*, 182 Wn.2d 1002, 342 P.3d 326 (2015).[2]

---

[1] We use Mack's first name for clarity, intending no disrespect.
[2] Mack died in August 2013, and his estate was substituted as the party in interest. *Jepsen*, slip op. at 2 n.1.

ISSUES

A.     Did the Court of Appeals correctly hold that the PR waived any objection to Mack's failure to comply with RCW 11.24.010?

B.     Is either party entitled to attorney fees and costs on appeal?

ANALYSIS

RCW 11.24.010 sets forth the steps necessary to commence a will contest action, one of which is personally serving the will contest petition on the PR. Mack did not do so, and the probate of Jepsen's will is now binding and final. However, we disapprove of the PR's delay in raising the issue and therefore deny both parties' requests for attorney fees and costs on appeal.

A.     Under the plain language of RCW 11.24.010, the probate of Jepsen's will is binding and final

Questions of statutory interpretation are reviewed de novo. *In re Marriage of Buecking*, 179 Wn.2d 438, 443, 316 P.3d 999 (2013). We must first consider the statute's plain language. *Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002). In this case, our inquiry ends there. A will contest petitioner must satisfy RCW 11.24.010's requirements in order to commence a will contest action, and Mack did not do so.

3

Will contests are special statutory proceedings governed by ch. 11.24 RCW.[3]

*In re Estate of Toth*, 138 Wn.2d 650, 653, 981 P.2d 439 (1999). RCW 11.24.010

sets a four-month limitations period for will contests and provides in relevant part:

> For the purpose of tolling the four-month limitations period, a contest is deemed commenced when a petition is filed with the court and not when served upon the personal representative. The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.

> If no person *files and serves* a petition within the time under this section, the probate or rejection of such will *shall be binding and final.*

(Emphasis added.) This unambiguous language requires no construction. The PR

in this case was never personally served with the will contest petition.[4] The

probate of Jepsen's will is therefore binding and final.

Mack tries to avoid this plain language by contending that personal service

of a will contest petition is necessary only to gain personal jurisdiction over the PR

and that the PR waived any objection on that basis under CR 12(h)(1). His

primary support for this argument comes from *In re Estate of Kordon*, 157 Wn.2d

---

[3]The Trusts and Estates Dispute Resolution Act, ch 11.96A RCW, "shall not supersede, but shall supplement" other Title 11 RCW statutes, including statutes governing will contests. RCW 11.96A.080(2). There is no need for supplementation to resolve the merits of this case.

[4]An e-mail to an attorney cannot constitute substantial compliance with personal service on a party where, as here, there is no express waiver of personal service, no agreement for electronic service, *see* GR 30(b)(4), and no acceptance of service by the PR anywhere in the record. Mack does not raise equitable estoppel, so we express no opinion on that issue.

206, 137 P.3d 16 (2006). In that case, we held that issuance of a "citation" under former RCW 11.24.020 (1965) was "equivalent to a civil summons, conferring *personal* jurisdiction over a party to a will contest." *Id.* at 210 (emphasis added). *Kordon*, however, interpreted RCW 11.24.020, which (in both its current and former versions) sets forth the requirements for giving *notice* of a will contest action. By contrast, this case concerns RCW 11.24.010, which sets forth the requirements for *commencing* a will contest action. Washington courts have always strictly enforced the requirements for commencing will contest actions, and we do so again today. *See, e.g., Toth*, 138 Wn.2d at 656; *State ex rel. Wood v. Superior Court*, 76 Wash. 27, 30-31, 135 P. 494 (1913); *In re Estate of Peterson*, 102 Wn. App. 456, 463, 9 P.3d 845 (2000).

Mack also contends that giving effect to the plain language of RCW 11.24.010 would divest the superior courts of their constitutional jurisdiction over "all matters of probate." CONST. art. IV, § 6. However, "the legislature may prescribe reasonable regulations that do not divest the court of its jurisdiction." *Buecking*, 179 Wn.2d at 449. RCW 11.24.010 does just that by setting forth reasonable statutory prerequisites that must be fulfilled in order to commence a will contest action, which, as noted above, is a special statutory proceeding.[5] *Cf.*

---

[5] Attempting to parse out the "fuzz[y]" distinction between procedural "litigation preconditions" and "jurisdictional" statutes has led to significant confusion in prior cases. Howard M. Wasserman, *The Demise of "Drive-By Jurisdictional Rulings,"* 105 N.W. U.L. REV. 947, 954-55

*Christensen v. Ellsworth*, 162 Wn.2d 365, 370-71, 173 P.3d 228 (2007); *James v. Kitsap County*, 154 Wn.2d 574, 587-89, 115 P.3d 286 (2005);[6] *In re Parentage of Ruff*, 168 Wn. App. 109, 118, 275 P.3d 1175 (2012).

Mack did not complete the necessary steps to commence his will contest action.[7] The probate of Jepsen's will is therefore binding and final.

B.    Attorney fees and costs are denied

Both parties request attorney fees and costs on appeal pursuant to RCW 11.96A.150(1). Mack failed to comply with the plain language of RCW 11.24.010, so we deny his request. However, we disapprove of the PR's delay in raising the issue, contrary to her statutory duty "to settle the estate . . . as rapidly and as quickly as possible, without sacrifice to the probate or nonprobate estate." RCW 11.48.010. We therefore deny her request as well.

---

(2011). We decline to add to that confusion, particularly in the special statutory context of a will contest, where there is "no functional difference between a court lacking power to hear the issue [based on a jurisdictional statute] and a court lacking the opportunity to wield that power [based on a litigation precondition]: either way, it is unable to adjudicate the issue." *Id.* at 959-60. Instead, we adhere to our precedent strictly construing will contest statutes, which set forth reasonable requirements that further the long-standing preference for efficient administration and finality of judgments in probate matters. *See Toth*, 138 Wn.2d at 656; *cf. Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 440, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011) (quoting *United States v. Oregon*, 366 U.S. 643, 647, 81 S. Ct. 1278, 6 L. Ed. 2d 575 (1961)) (holding that the deadline for veterans to appeal administrative denial of benefits may be subject to equitable tolling because "[t]he solicitude of Congress for veterans is of long standing").

[6]Notably, the Land Use Petition Act at issue in *James* specifically provides that certain defenses based on procedural noncompliance are waived if not timely raised. RCW 36.70C.080(2)-(3). The will contest statutes do not contain similar waiver provisions.

[7]Because Mack did not fully commence his will contest action, the PR's response to his petition was superfluous. However, we note that automatic waiver under CR 12(h)(1) is inconsistent with the plain language of RCW 11.24.010 and so would not apply in any event. CR 81(a).

CONCLUSION

For the foregoing reasons, we reverse the Court of Appeals, deny both parties' requests for attorney fees and costs, and remand for further proceedings consistent with this opinion.

_____ Su, J. _____

WE CONCUR:

_____ Madsen, C.J. _____

_____ _____

_____ Wiggins, J. _____

_____ González, J. _____

_____ Fairhurst, J. _____

*In the Matter of the Estate of Virginia J. Jepsen*

No. 90874-5

STEPHENS, J. (dissenting)—The primary dispute in this case concerns whether the personal service requirement in the statute governing will contests, RCW 11.24.010, speaks to the superior court's subject matter jurisdiction over will contest proceedings or to personal jurisdiction over the personal representative of the decedent's estate. The distinction is pivotal because a defense that subject matter jurisdiction is improper can be raised at any time, but a defense that personal jurisdiction is improper may be waived. The superior court and the Court of Appeals held that the statute concerns personal jurisdiction and the estate waived the defense. I would affirm.

The majority takes a different approach. The majority concludes the statute creates a defense that cannot be waived—but without discussing its jurisdictional status at all. In my view, this avoids the proper analysis. Regardless of whether a statute is phrased in "mandatory" terms, the deeply rooted norm in our adversarial litigation process is that a defense is waived if the defense is not timely asserted. CR 12(h)(1). A defense for lack of subject matter jurisdiction is the narrow exception

to this rule. CR 12(h)(3). I would hold that RCW 11.24.010 is a claim-processing rule concerning service of process and personal jurisdiction. Because the estate did not timely assert this defense, it is waived and Mack Jepsen's will contest action should proceed. I respectfully dissent.

I

This court recently "clarified that jurisdiction is comprised of only two components: jurisdiction over the person and subject matter jurisdiction." *In re Marriage of Buecking*, 179 Wn.2d 438, 447, 316 P.3d 999 (2013). A defense that personal jurisdiction is improper is waived if not timely asserted, CR 12(h)(1), but a defense for lack of subject matter jurisdiction is never waived, CR 12(h)(3). Because of this special allowance for raising issues of subject matter jurisdiction, determining which rules concern subject matter jurisdiction can become a critical issue in litigation.

We have recognized that confusion abounds in regard to subject matter jurisdiction, and so our "recent cases have narrowed the types of errors that implicate a court's subject matter jurisdiction." *Buecking*, 179 Wn.2d at 448. Likewise, the United States Supreme Court's "recent cases [have sought] to bring some discipline to the use of this term [jurisdiction]." *Henderson v. Shinseki*, 562 U.S. 428, 435, 131 S. Ct. 1197, 179 L. Ed. 2d 159 (2011). Recognizing that its prior cases had "'more than occasionally [mis]used the term "jurisdictional,"'" *Scarborough v. Principi*, 541 U.S. 401, 413, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004) (alteration in original) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 454, 124 S. Ct. 906, 157 L. Ed.

2d 867 (2004)), the United States Supreme Court has discarded what the court now refers to as "unrefined . . . 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect,'" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (quoting *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 91, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)). As in this court, the result has been that the United States Supreme Court has properly narrowed the types of rules that confer subject matter jurisdiction. *See, e.g.*, Howard M. Wasserman, *The Demise of "Drive-By Jurisdictional Rulings,"* 105 Nw. U.L. Rev. 947 (2011) (discussing recent United States Supreme Court cases).

The method of analysis followed in the United States Supreme Court's jurisdiction cases provides a helpful framework for our analysis. In about a dozen cases over the last decade or so, the court has refined its approach to deciding when a rule will be consider jurisdictional. It now distinguishes between jurisdictional rules,[1] on the one hand, and elements of the merits[2] or claim-processing rules,[3] on the other hand.

As noted, which side of the distinction a rule falls on "is not merely semantic but of considerable practical importance for judges and litigants." *Henderson*, 562

---

[1] *See United States v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002) ("'[J]urisdiction' means . . . 'the courts' statutory or constitutional *power* to adjudicate the case.'" (quoting *Steel Co.*, 523 U.S. at 89)).

[2] *See Arbaugh*, 546 U.S. at 503 ("This case concerns the distinction between two sometimes confused or conflated concepts: federal-court 'subject-matter' jurisdiction over a controversy; and the essential ingredients of a federal claim for relief.")

[3] *See Gonzalez v. Thaler*, ____ U.S. ___, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012) ("[W]e have pressed a stricter distinction between truly jurisdictional rules, which govern 'a court's adjudicatory authority,' and nonjurisdictional 'claim-processing rules,' which do not." (quoting *Kontrick*, 540 U.S. at 554-55)).

U.S. at 434; *see also Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 664, 181 L. Ed. 2d 619 (2012) (Scalia, J., dissenting) ("Terminology is destiny."). Rules that grant a court subject matter jurisdiction "alter[] the normal operation of our adversarial system" because the court has an obligation to ensure subject matter jurisdiction is proper and the parties may raise the issue at any point, no matter how late or how inequitable. *Henderson*, 562 U.S. at 434. These procedures can result in the "waste of judicial resources and may unfairly prejudice litigants" when, after "many months of work on the part of the attorneys and the court," a defect in subject matter jurisdiction is raised for the first time. *Id.* at 434-35. Yet these procedures are necessary to ensure that courts enter judgments only where they have the jurisdictional power to do so. By contrast, in most other aspects of our adversarial system, the "system is replete with rules requiring that certain matters be raised at particular times" or else they are waived. *Id.* at 434. Because "the consequences that attach to the jurisdictional label may be so drastic," the United States Supreme Court has "urged that a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity." *Id.* at 435. "Other rules, even if important and mandatory, . . . should not be given the jurisdictional brand." *Id.*

Applying the United States Supreme Court's three-part distinction, I turn first to subject matter jurisdiction. Subject matter jurisdiction refers to the court's "ability to entertain *a type of* case." *Buecking*, 179 Wn.2d at 448 (emphasis added); *accord Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 254, 130 S. Ct. 2869, 177 L. Ed. 2d 535 (2010) ("Subject-matter jurisdiction . . . 'refers to a tribunal's power to hear

a case.'" (internal quotation marks omitted) (quoting *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'r & Trainmen*, 558 U.S. 67, 81, 130 S. Ct. 584, 175 L. Ed. 2d 428 (2009)). The statute at issue here, RCW 11.24.010, does not grant the superior court subject matter jurisdiction because it does not confer on the superior court the power to hear this type of case. Indeed, the statute expressly recognizes that the question of the court's jurisdiction will be determined *from another source of law. See id.* (providing that a will contest petitioner may "petition *to the court having jurisdiction* [to] contest the validity of said will" by following the statute's various timing and service requirements (emphasis added)). As the statute thus anticipates, the superior court *already has* subject matter jurisdiction under the Washington Constitution: the Constitution provides that the "superior court shall have original jurisdiction . . . of all matters of probate." WASH. CONST. art. IV, § 6. Under this constitutional authority, the superior court has the power to adjudicate will contests.

On the other side of the distinction are elements of the merits and claim-processing rules. The statute at issue, RCW 11.24.010, does not provide the elements of the merits of a will contest petition, so I set that category aside. *See, e.g.*, *Arbaugh*, 546 U.S. 500 (regarding the distinction between elements of the merits and jurisdictional rules). But as the United States Supreme Court has explained, another category of "rules that should not be described as jurisdictional are what we have called 'claim-processing rules.'" *Henderson*, 562 U.S. at 435. A claim-processing rule is one that "seek[s] to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain

specified times," yet it has nothing to do with the court's subject matter jurisdiction. *Id.* "Filing deadlines, such as the 120-day day filing deadline at issue here, are quintessential claim-processing rules." *Id.* At least eight times in the last decade, the United States Supreme Court has overruled a lower court's incorrect categorization of a rule as jurisdictional when the rule is truly a claim-processing rule.[4] In all such cases, if a party believes the claim-processing rule was not properly followed, that party must timely assert the defense, generally in its answer or in a timely motion.

RCW 11.24.010's personal service requirement is a classic claim-processing rule. The relevant portion of the statute provides simply that the "petitioner shall personally serve the personal representative within ninety days after the date of filing the petition" or else the probate of the will "shall be binding and final." RCW 11.24.010. This is a clear example of a claim-processing rule because it does not speak to the court's adjudicatory power over a category of cases. It instead speaks

---

[4] *See Sebelius v. Auburn Reg'l Med. Ctr.*, ___ U.S. ___, 133 S. Ct. 817, 821, 184 L. Ed. 2d 627 (2013) (statutory timeline for certain administrative appeal is a claim-processing rule, not a jurisdictional rule); *Henderson*, 562 U.S. at 431 (statutory timeline for certain judicial appeals is a claim-processing rule, not a jurisdictional rule); *Eberhart v. United States*, 546 U.S. 12, 13, 126 S. Ct. 403, 163 L. Ed. 2d 14 (2005) (per curiam) (Federal Rule of Criminal Procedure 33(b)(2), which sets a timeline for filing a motion for a new trial, is a claim-processing rule, not a jurisdictional rule); *Scarborough*, 541 U.S. at 413-14 (statutory timeline for seeking attorney fees in certain situations is a claim-processing rule, not a jurisdictional rule); *Gonzalez*, 132 S. Ct. at 642 (statutory requirement for a federal habeas corpus petitioners to obtain a certificate of appealability to appeal a district court's final order is a claim-processing rule, not a jurisdictional rule); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272, 130 S. Ct. 1367, 176 L. Ed. 2d 158 (2010) (rule requiring an adversarial proceeding for bankruptcy court to discharge debt is a claim-processing rule, not a jurisdictional rule); *Union Pac. R.R.*, 558 U.S. at 81-86 (certain internal agency procedures are claim-processing rules, not jurisdictional rules).

to the procedure—a personal service requirement—by which the litigation will unfold. Relatedly, "[p]roper service of process 'is essential to invoke personal jurisdiction over'" the personal representative. *In re Estate of Kordon*, 157 Wn.2d 206, 210, 137 P.3d 16 (2006) (quoting *In re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)). Because this is a rule governing service of process and personal jurisdiction, a defense that the rule was not satisfied is waived if not properly asserted. *See* CR 12(h)(1)(A) ("A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived . . . if omitted from [a CR 12 motion or a responsive pleading].").

The estate did not assert and preserve its defense based on noncompliance with RCW 11.24.010, either in a CR 12 motion or its answer to the petition. Instead, it answered, appeared at hearings, and conducted discovery before raising its objection many months later. The superior court and the Court of Appeals correctly recognized that the defense was waived and the will contest should proceed.

## II

The majority's contrary conclusion appears to turn on the fact that the statute's plain language says the will's admission to probate "shall be binding and final" if the personal service requirement is not fulfilled, RCW 11.24.010; *see also* majority at 4 ("This unambiguous language requires no construction. The [personal representative] in this case was never personally served with the will contest petition. The probate of Jepsen's will is therefore binding and final." (footnote omitted)).

This reliance on "shall" proves too much. Merely because a statute speaks in mandatory terms—such as "shall be binding and final"—does not make it jurisdictional so that a party can raise an objection at any point during or after the litigation.[5] That would create an absurd result: all rules of law (save expressly discretionary ones) set forth mandatory prescriptions, but we have never suggested every claim, defense, or procedural issue can be raised at any time in litigation. Indeed, the United States Supreme Court has flatly rejected the majority's line of reasoning, holding that claim-processing rules, *"even if important and mandatory, . . . should not* be given the jurisdictional brand." *Henderson*, 562 U.S. at 435 (emphasis added); *see also Scarborough*, 541 U.S. at 413 (noting that "'time prescriptions, . . . even rigid ones,'" are claim-processing rules (emphasis added) (quoting *Kontrick*, 540 U.S. at 454)); *Kontrick*, 540 U.S. at 456 ("[A] claim-processing rule, . . . , *even if unalterable* on a party's application, can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." (emphasis added)).

In my view, the majority's focus on the mandatory nature of the rule misses the core question this case presents: whether a defense based on noncompliance with

---

[5] For example, a defendant's affirmative defense based on the plaintiff's failure to file within the statute of limitations is waived if not timely asserted, irrespective of how forceful or mandatory the statute of limitation's language. One statute of limitations provides that a testamentary beneficiary must submit a claim for nonprobate assets within six months of the date of probate and one year of the date of death or be *"forever barred* from making such a claim or commencing such an action." RCW 11.11.070(3) (emphasis added). However, the Court of Appeals has properly held that a defendant *waives* the time bar as a defense if the defendant does not raise the defense in the answer. *See In re Estate of Palmer*, 145 Wn. App. 249, 258-59, 187 P.3d 758 (2008).

RCW 11.24.010's personal service requirement is *waived if it is not timely raised and preserved. See* Br. of Resp't at 12 (identifying question on appeal "whether the provision in question relates to a requirement that *can be* waived"). As explained above, the answer is yes. RCW 11.24.010's personal service requirement is a mere claim-processing rule, and a defense that the rule was not followed must be raised in the answer or in a timely motion.

## III

The statutory history of RCW 11.24.010 also convinces me that its personal service requirement can be waived if not timely asserted.

Prior to 2006, the will contest statute, RCW 11.24.010, had no personal service requirement. *See* former RCW 11.24.010 (2004). It simply provided:

> If any person interested in any will shall appear within four months immediately following the probate . . . thereof, and by petition to the court having jurisdiction contest the validity of said will, . . . he or she shall file a petition containing his or her objections and exceptions to said will . . . .
> If no person shall appear within the time under this section, the probate . . . of such will shall be binding and final.

*Id.* At that time, the statute's next section, RCW 11.24.020, created a related scheme that governed the issuance of a "citation":

> Upon the filing of the petition referred to in RCW 11.24.010, a citation shall be issued to the executors . . . of the will, or to the administrators with the will annexed, and to all legatees . . . , requiring them to appear before the court, on a day therein specified, to show cause why the petition should not be granted.

Former RCW 11.24.020 (2004).[6]

This court interpreted both of these former provisions in *Kordon*, 157 Wn.2d 206. At issue there, the petitioner timely filed a will contest petition within RCW 11.24.010's four-month period but did not file a citation pursuant to RCW 11.24.020 for about two years following the filing of the petition. The superior court dismissed the petition for lack of personal jurisdiction over the personal representative, and the Court of Appeals affirmed.

We held that "[a] citation is equivalent to a civil summons, conferring personal jurisdiction over a party to a will contest" and that the "failure to issue a citation deprives the court of personal jurisdiction over the party denied process." *Id.* at 210. And we recognized that "[w]hile RCW 11.24.020 imposes *no explicit statutory time limit* on the issuance of a citation, *it implicitly adopts* the requirements of the Superior Court Civil Rules and Title 4 RCW, governing civil procedure," specifically that a plaintiff must serve process on a defendant within 90 days of filing a complaint under the general civil procedure statute, RCW 4.16.170. *Id.* at 213 (emphasis added) (discussing CR 1, CR 3(a), CR 81(a), and RCW 4.16.170). We concluded that "a party contesting a will may request and serve citations any time within the four-month statute of limitations on bringing a will contest [under RCW 11.24.010] or any time within 90 days of timely filing a petition contesting the will." *Id.* Because the will contest petitioner in *Kordon* "served [the] citation more than

---

[6] The concept of a "citation" was amended in 2006 to refer to "notice . . . as provided in RCW 11.96A.100," LAWS OF 2006, ch. 360, § 9 (codified at RCW 11.24.020), but this change is immaterial here.

two years after timely filing a petition contesting Kordon's will," we affirmed the dismissal for lack of personal jurisdiction. *Id.* at 213-14.

Following our decision in *Kordon*, the legislature amended RCW 11.24.010. *See* LAWS OF 2007, ch. 475, § 4. The amendment effectively codified our holding by adding this new sentence to RCW 11.24.010:

> For the purpose of tolling the four-month limitations period, a contest is deemed commenced when a petition is filed with the court and not when served upon the personal representative. *The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.*

LAWS OF 2007, ch. 475, § 4 (emphasis added) (codified at RCW 11.24.010's penultimate sentence). This new language simply makes explicit the time limitation that *Kordon* held to be implicit. That is apparent because the amended RCW 11.24.010 substantially reproduces the language from the general civil procedure statute in Title 4 RCW, RCW 4.16.170, that *Kordon* had held RCW 11.24.020 "implicitly adopts."[7] *See Kordon*, 157 Wn.2d at 213. Nothing in the amendment departs from our holding in *Kordon* that service of process "'is essential to invoke

---

[7] That Title 4 RCW statute provides:
For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. *If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally*, or commence service by publication *within ninety days from the date of filing the complaint.* If the action is commenced by service on one or more of the defendants or by publication, the plaintiff shall file the summons and complaint within ninety days from the date of service. *If following service, the complaint is not so filed, or following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations.*
RCW 4.16.170 (emphasis added).

personal jurisdiction over'" the personal representative. *Id.* 210 (quoting *Markowski*, 50 Wn. App. at 635-36). As a personal service requirement concerning personal jurisdiction, the defense is waived if the objection is not preserved in the respondent's answer or CR 12 motion. CR 12(h)(1).

## IV

I would hold that RCW 11.24.010's requirement for personal service on the personal representative is a claim-processing rule that concerns service of process and personal jurisdiction. Noncompliance with its terms does not deprive the superior court of its subject matter jurisdiction over a will contest petition. Any defense that the rule has been violated is waived if not timely asserted. Jepsen's will contest action should be allowed to proceed. I would affirm the sensible decisions of the superior court and the Court of Appeals. I respectfully dissent.[8]

---

[8] Jepsen seeks an award of attorney fees under RCW 11.96A.150. The decision to grant fees is discretionary at each level of court based on the equities of the case. Though the Court of Appeals declined to award fees, I believe it is appropriate to grant those fees incurred during the pendency of this case before this court.

_____