# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Estate of<br><br>SASSAN SANAI, M.D. | No. 78121-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: April 29, 2019 |

LEACH, J. — Cyrus Sanai appeals the trial court's order dismissing his will contest petition due to insufficient service of process. RCW 11.24.010 requires personal service of the petition. The trial court correctly decided that leaving a copy of the summons and petition with a receptionist at the front desk of the probate attorney's law firm did not accomplish personal service of process on the personal representative of the estate. We affirm.

## FACTS

Sassan Sanai executed a last will and testament on January 19, 2016. He died on April 6, 2017. On May 3, 2017, the court entered an order admitting the decedent's will to probate. The order also appointed one of his five adult children, Astrid Sanai, as personal representative.

Astrid lives in New York.[1] As required by RCW 11.36.010(6), Astrid appointed an attorney for the estate as her agent to accept service on her behalf. On May 3, 2017, the same date she started the probate proceeding, Astrid filed an "Appointment of and Acceptance by Resident Agent." It states,

> The undersigned Personal Representative hereby appoints Sarah O. McCarthy of THE ANDERSON HUNTER LAW FIRM P.S., as Resident Agent, whose address is 2707 Colby Ave., Suite 1001, PO Box 5397, Everett, WA 98206, in the above estate pursuant to RCW 11.36.010, as amended.

Also on May 3, the attorney signed and filed notice of the pendency of probate proceedings. A legal assistant at the attorney's law firm mailed the notice of probate to Sassan's four other surviving children.

Almost four months later, on August 31, 2017, Sassan's son, Cyrus Sanai, filed a petition to contest the validity of his father's will. Cyrus sent a copy of the petition by mail to McCarthy "as Agent for Service of Process for Astrid Sanai." Eighty-three days later, on November 21, 2017, Cyrus arranged for delivery of the summons and his petition to McCarthy's law firm's office. Daria Nuñez, who is presumably Sassan's daughter, brought the summons and petition to the front desk, announced that the documents were for McCarthy, handed them to the receptionist, and left the lobby. McCarthy was present in the office, but Nuñez did not ask to see McCarthy, speak to her, or serve her. The receptionist recorded the delivery on a log and placed the documents in McCarthy's in-box.

---

[1] Several individuals involved in this appeal share the same last name. Where necessary to avoid confusion, we refer to those individuals by first name.

McCarthy retrieved the documents from her in-box about a week later when she returned from the Thanksgiving holiday.

On December 7, 2017, the personal representative filed a petition to dismiss the will contest petition based on the failure to serve process within 90 days of filing the petition as required by RCW 11.24.010. After a hearing, the trial court granted the motion. The court later denied Cyrus's motion for reconsideration. Then, on February 15, 2018, Cyrus personally served McCarthy with the summons and petition.[2] Cyrus appeals.

## STANDARD OF REVIEW

We review a superior court's conclusion that service was insufficient de novo.[3] We also review questions of statutory interpretation de novo.[4] "In interpreting a statute, our fundamental objective is to ascertain and carry out the legislature's intent."[5] "Statutory interpretation begins with a statute's plain meaning."[6] We discern plain meaning from the ordinary meaning of the language at issue, the context of the statute that includes the provision, related provisions, and the statutory scheme as a whole.[7]

---

[2] Cyrus claims that McCarthy "avoided service for weeks" and only accepted service after the court denied the motion for reconsideration. Nothing in the record substantiates the allegation that the attorney intentionally avoided service of process.

[3] Scanlan v. Townsend, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).

[4] In re Estate of Jepsen, 184 Wn.2d 376, 379, 358 P.3d 403 (2015).

[5] Manary v. Anderson, 176 Wn.2d 342, 350-51, 292 P.3d 96 (2013) (citing Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002)).

[6] Manary, 176 Wn.2d at 352.

[7] State v. Engel, 166 Wn.2d 572, 578, 210 P.3d 1007 (2009).

ANALYSIS

The provisions of chapter 11.24 RCW govern will contest proceedings.[8] A will contest petitioner must satisfy RCW 11.24.010's requirements to start a will contest action, and Washington courts strictly enforce the requirements.[9]

One who wishes to contest a will must file a petition within 4 months of the date the court admits the will to probate.[10] To toll the 4-month period, the person contesting the will must timely file the petition and must "personally serve" the personal representative within 90 days of the filing.[11] "If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations."[12] In such a case, the probate of the will is "binding and final."[13] Our court has held that RCW 11.24.010 is unambiguous and requires personal service of the summons and petition to start a will contest action.[14]

Cyrus argues that RCW 11.24.010 does not apply because Astrid, a nonresident personal representative, appointed an agent to accept service in accordance with RCW 11.36.010. Therefore, he contends that RCW 11.36.010, not RCW 11.24.010, controls.

---

[8] Jepsen, 184 Wn.2d at 380.
[9] Jepsen, 184 Wn.2d at 379-81; In re Estate of Toth, 138 Wn.2d 650, 656, 981 P.2d 439 (1999).
[10] RCW 11.24.010.
[11] RCW 11.24.010.
[12] RCW 11.24.010.
[13] RCW 11.24.010.
[14] Jepsen, 184 Wn.2d at 380 & n.4 (will contestant did not personally serve personal representative or substantially comply with the statute by e-mailing the petition to the personal representative's probate attorney).

RCW 11.36.010 prescribes the "qualifications of personal representatives." With respect to the appointment of a personal representative who is not a resident of Washington, the provision states, in relevant part, "A nonresident may be appointed to act as personal representative if the nonresident appoints an agent who is a resident of the county where such estate is being probated or who is an attorney of record of the estate, upon whom service of all papers may be made."[15]

Because RCW 11.36.010(6) does not specify the manner of "service of all papers," Cyrus asserts that personal service is not required. The statutory scheme does not support this interpretation. RCW 11.36.010 concerns the qualifications and conditions under which individuals and certain entities may serve as personal representatives in probate matters. RCW 11.24.010, on the other hand, provides the exact requirements to start a lawsuit to contest a will. Cyrus ignores the context of the provisions. And he offers no logical reason why the jurisdictional requirements for will contest proceedings would differ depending on the identity and residency status of the personal representative.[16] Reading the statutes in context, and as a whole, we conclude that RCW 11.24.010 requires personal service, whether or not the personal representative appoints a resident agent under RCW 11.36.010(6).[17]

---

[15] RCW 11.36.010(6).
[16] See Scanlan, 181 Wn.2d at 847 (proper service of the summons and complaint is essential to invoke personal jurisdiction over the defendant).
[17] Cyrus also claims that service on an attorney is governed by the provisions of CR 5, but those provisions apply only to pleadings "subsequent to the original complaint."

Alternatively, Cyrus contends that he accomplished valid personal service. In particular, he challenges the court's conclusion that there was no "effective valid service pursuant to RCW 4.28.08[0]." Cyrus asserts that the service of process statute, RCW 4.28.080, is not relevant to service of will contest petitions under RCW 11.24.010. But since RCW 11.24.010 does not define "personally serve," the court properly looked to the general definition of personal service in RCW 4.28.080 and to case law interpreting that provision. RCW 4.28.080(16) authorizes service on an individual by personal service, which the statute defines as delivery of a copy of the summons to the person.[18]

Although Cyrus suggests otherwise, RCW 4.28.080 does not prohibit the appointment of an agent, such as McCarthy, for the purpose of accepting service of process.[19] And the law is well settled that serving a person's employee is not effective personal service under RCW 4.28.080 unless the employee has express authority to accept service on the individual's behalf.[20] There was no evidence in this case that McCarthy authorized anyone to accept service on her behalf.

Cyrus also claims that he substantially complied with RCW 11.24.010 by mailing the petition to McCarthy and delivering the summons and complaint to

---

[18] RCW 4.28.080(16) also authorizes substitute service—leaving a copy of the summons at "the house of his or her usual abode with some person of suitable age and discretion then resident therein." Substitute service is not at issue in this case.

[19] See French v. Gabriel, 57 Wn. App. 217, 225-26, 788 P.2d 569 (1990).

[20] See French, 57 Wn. App. at 226 (leaving summons and complaint with attorney's secretary was insufficient).

the receptionist at her office. But, as explained, our courts strictly enforce the statutory requirements to start a will contest action.[21] The doctrine of substantial compliance is fundamentally inconsistent with this strict enforcement and cannot apply.

Citing concepts of waiver and estoppel, Cyrus contends that the personal representative cannot challenge the sufficiency of service because she failed to serve him with notice of McCarthy's appointment as her agent. And because of the alleged inadequate notice of the agent's identity, he also claims that the time for filing the will contest petition was tolled until December 7, 2017, the date Astrid filed the motion to dismiss. We reject both arguments. The statute requires the personal representative to file the document appointing an agent.[22] Astrid filed the document appointing McCarthy, and the document included McCarthy's business address to facilitate service.

Hesthagen v. Harby[23] and RCW 11.28.237 do not advance Cyrus's claim of inadequate notice. These authorities establish that a personal representative must provide notice of probate to the deceased's heirs. Notice by mail satisfies RCW 11.28.237(1), and the record shows that the personal representative complied with the statute. The notice of probate was not somehow misleading because McCarthy signed it on behalf of the law firm. It is clear that Cyrus was, in fact, aware of McCarthy's identity and address because he mailed his petition

---

[21] See Jepsen, 184 Wn.2d at 379-81; Toth, 138 Wn.2d at 656.
[22] RCW 11.36.010(6).
[23] 78 Wn.2d 934, 942, 481 P.2d 438 (1971).

to her and caused the delivery of the summons and petition to her business address. There are no facts here to support waiver, estoppel, or tolling, even assuming those doctrines could apply.

Finally, Cyrus argues service was valid because the record establishes "delivery and actual receipt." He relies primarily on Scanlan v. Townsend.[24] But Scanlan does not call into question the trial court's conclusion that "the documents ultimately winding up in the hands of the person to be served" fails to cure improper service. Scanlan involved hand-to-hand, but secondhand, service.[25] The defendant's father was "competent to serve" his daughter and "delivered a copy of the summons and complaint personally" to her when she visited him in person.[26] Here, by contrast, the receptionist simply left the documents in McCarthy's in-box and several days later, McCarthy found them.

Neither the delivery of summons and petition to the receptionist at the attorney's office nor the mailing of those documents to her accomplished personal service upon the personal representative's agent. Because Cyrus failed to accomplish valid service within 90 days of filing the will contest petition, the court properly dismissed his petition.

---

[24] 181 Wn.2d 838, 847, 336 P.3d 1155 (2014). Cyrus also relies on Sunderland v. Allstate Indemnity Co., 100 Wn. App. 324, 995 P.2d 614 (2000) and Alvarez v. Banach, 153 Wn.2d 834, 840, 109 P.3d 402 (2005). These cases are inapposite and involve compliance with mandatory arbitration rules by filing proof that the opposing party received a copy of the request for trial de novo.
[25] Scanlan, 181 Wn.2d at 848-49.
[26] Scanlan, 181 Wn.2d at 848, 856.

The respondent requests fees on appeal, citing RAP 18.1 and RCW 11.96A.150(1). Exercising our discretion, we decline to impose fees.

We affirm.

WE CONCUR: