IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Estate of<br>Charles Arthur Boswell, Jr.,<br><br>　　　　　　　Deceased.<br><br>PATRICIA ANN BOSTWICK,<br><br>　　　　　　　Appellant/<br>　　　　　　　Cross-Respondent,<br><br>　　　v.<br><br>DIANA BRAZIER, Personal<br>Representative for the Estate of<br>Charles Arthur Boswell, Jr.,<br><br>　　　　　　　Respondent/<br>　　　　　　　Cross-Appellant. | No. 81774-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — Charles Arthur Boswell, Jr., filed a will leaving his estate to Diana Brazier and disinheriting his daughter, Patricia Bostwick. Bostwick filed a petition contesting the validity of the will and made one failed attempt to serve Brazier. After 90 days had passed without service of the petition, Brazier moved to dismiss the will contest petition. The commissioner granted the motion and awarded attorney fees and the superior court denied a motion to revise the order. Bostwick appeals the dismissal and Brazier cross-appeals the commissioner's determination of reasonable attorney fees. Because Bostwick failed to comply with the plain language of the statute, we affirm the dismissal of her petition.

Citations and pin cites are based on the Westlaw online version of the cited material.

However, we remand for entry of findings of fact and conclusions of law supporting the award of attorney fees.

FACTS

In August 2019, Charles Arthur Boswell, Jr., executed his last will and testament, which disinherited his daughter Patricia Bostwick and left his estate to Diana Brazier. The will also appointed Brazier as the personal representative of his will and included a no contest provision, which directed that any contesting party should "[b]ear all reasonable allowances for fees" incurred by the estate if the estate prevailed. Boswell had previously executed a will leaving his estate to Bostwick in March 2017 and had executed a will disinheriting Bostwick in January 2018.

Boswell died on October 1, 2019. His will was admitted to probate and Brazier was confirmed as the personal representative the next day. On October 3, Brazier mailed a notice of appointment of personal representative, which included Brazier's home address, to Bostwick. Bostwick later acknowledged that she had received this notice.

On November 4, 2019, Bostwick's attorney sent a letter to Brazier's attorney notifying her that Bostwick would be filing a petition contesting the will's validity, with the petition attached. On January 4, 2020, Bostwick and Brazier met in person and Brazier told Bostwick that her attorney had given her a copy of the petition and had advised her to settle the will contest.

Bostwick did not actually file the petition contesting the will in the court until January 24, 2020. This meant Bostwick was required to personally serve

2

Brazier by April 23, 90 days after filing the petition.[1]  On March 2, Brazier's attorney replied to a request from Bostwick's attorney, stating that he did not have authority to accept service of the will contest petition on Brazier's behalf. Brazier's attorney also scheduled a deposition of Bostwick for March 16. Bostwick, assuming that Brazier would attend, hired a process server to serve Brazier at Bostwick's deposition.  Brazier did not attend the deposition and therefore was not served.

The next day, on March 17, Bostwick's attorney was apparently diagnosed with COVID-19 and directed to quarantine until April 7.  On March 23, 2020, Governor Jay Inslee ordered all Washington residents to stay home except for "essential activities."[2]  Bostwick made no further attempts to serve Brazier with the petition.

On May 22, Brazier filed her response in opposition to the will contest petition and moved to dismiss the petition because Bostwick had not served Brazier within 90 days of filing the petition, as required by RCW 11.24.010.  The commissioner granted the motion and dismissed the petition on the basis that personal service is "a necessary requirement in order to challenge the validity of a will."  Bostwick moved to revise the order, arguing that the emergent fact of the COVID-19 pandemic required equitable tolling of the time limit for service.  The superior court denied the motion for revision.

---

[1] RCW 11.24.010.
[2] Proclamation of Governor Jay Inslee, No. 20-25, at 3 (Wash. Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-25%20Coronovirus%20Stay%20Safe-Stay%20Healthy%20%28tmp%29%20%28002%29.pdf.

Brazier moved for an award of attorney fees, requesting a little over $25,000. The commissioner determined that the "hours expended by [Brazier's] counsel was not reasonable except for time reasonably necessary" to prepare the motion to dismiss, which the court determined to be five hours. The commissioner declined to award fees for the motion for revision on the basis that the request was not properly before it, and found that Brazier's deposition of Bostwick was "unnecessary and unreasonably anticipatory." The commissioner awarded Brazier $1,750.00 in attorney fees. Bostwick appeals and Brazier cross-appeals.

ANALYSIS

Bostwick contends that the commissioner erred by dismissing her petition and awarding attorney fees to Brazier. Brazier contends that the court abused its discretion in its valuation of reasonable attorney fees. We affirm the dismissal of Bostwick's petition because the plain language of the statute requires personal service within 90 days to commence a will contest action. However, because the order awarding attorney fees fails to explain the denial of the majority of the fees in the attorney fee invoice, we remand for the commissioner to enter additional findings.

Dismissal of Will Contest Petition

Bostwick contends that dismissing her petition was error on the grounds that she "substantially complied" with the service requirements, that Brazier waived the defense, and that the commissioner was required to equitably toll the service period due to the pandemic. Because the plain language of the statute

and controlling precedent directly contradict Bostwick, and because she fails to show that the pandemic actually prevented service, we disagree.

We review questions of statutory interpretation de novo. In re Estate of Jepsen, 184 Wn.2d 376, 379, 358 P.3d 403 (2015). If a statute's meaning is plain on its face, we must give effect to that plain meaning. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002).

"Will contests are special statutory proceedings governed by ch. 11.24 RCW." Jepsen, 184 Wn.2d at 380. RCW 11.24.010 provides that a will contest petition must be filed within four months of the probate of the will. It further provides:

> The petitioner shall personally serve the personal representative within ninety days after the date of filing the petition. If, following filing, service is not so made, the action is deemed to not have been commenced for purposes of tolling the statute of limitations.
> If no person files *and serves* a petition within the time under this section, the probate or rejection of such will shall be binding and final.

RCW 11.24.010 (emphasis added).

In Jepsen, our Supreme Court applied this section and held that its "unambiguous language requires no construction." 184 Wn.2d at 380. In that case, the testator's son filed a will contest petition and e-mailed it to the personal representative's attorney. Jepsen, 184 Wn.2d at 378. The son never served the personal representative and the personal representative never agreed to accept e-mail service on her attorney. Jepsen, 184 Wn.2d at 378. Seven months later, the personal representative moved to dismiss the petition for lack of service.

5

Jepsen, 184 Wn.2d at 378.  The trial court denied the motion, holding that the service requirement under RCW 11.24.010 went to personal jurisdiction and that the personal representative had waived her objection on these grounds.  Jepsen, 184 Wn.2d at 378.  The personal representative appealed to this court and we affirmed.  Jepsen, 184 Wn.2d and 379.  The Supreme Court then reversed us, holding that under the plain language of RCW 11.24.010, personal service is a statutory requirement to commence a will contest action and, therefore, to prevent a will from becoming final.  Jepsen, 184 Wn.2d at 380-81.

Here, as in Jepsen, Bostwick sent the petition to Brazier's attorney but does not dispute that she never personally served Brazier with the petition. Therefore, under the plain language of the statute and binding Supreme Court precedent, the probate of Boswell's will is now binding and final.

Bostwick disagrees and contends that she substantially complied with the service requirement.  However, in Jepsen, the court explicitly rejected the argument that simply notifying an attorney could achieve substantial compliance under RCW 11.24.010, "where, as here, there is no express waiver of personal service, no agreement for electronic service, . . . and no acceptance of service by the [personal representative] anywhere in the record."  184 Wn.2d at 380 n.4; see also In re Estate of Sanai, No. 78121-9-I, slip op. at 7 (Wash. Ct. App. Apr. 29, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/781219.pdf ("The doctrine of substantial compliance is fundamentally inconsistent" with our courts' strict enforcement of the statutory requirements to contest a will).  This is the case here, and so we reject Bostwick's contention.

Bostwick's claim that Brazier waived service by acknowledging receipt of the petition and engaging in discovery is similarly without merit. This was the precise argument that we endorsed and the Supreme Court subsequently rejected in Jepsen. 184 Wn.2d at 378-79. Furthermore, Brazier's attorney explicitly told Bostwick that he was not authorized to accept service on Brazier's behalf, and unlike Jepsen, Brazier asserted the defense in her answer to the petition rather than months later. We therefore reject Bostwick's waiver of service argument.

Finally, Bostwick claims that Brazier's awareness of and engagement in the case, combined with the unprecedented context of the COVID-19 pandemic, required the court to equitably toll the 90-day period to effectuate service. Even assuming that this time period may be subject to equitable tolling,[3] we disagree that tolling would be appropriate here. "Equitable tolling is permitted where there is evidence of bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Thompson v. Wilson, 142 Wn. App. 803, 814, 175 P.3d 1149 (2008). Neither element is met here.

First, Bostwick failed to establish that she exercised diligence: her attorney told the commissioner that his three week quarantine in the middle of the 90-day service period was not an excuse. He instead alluded simply to his absence from the office and a workload backlog as his reason for failing to arrange

---

[3] Where a statutory time limit is a jurisdictional requirement, equitable tolling is precluded. In re Pers. Restraint of Bonds, 165 Wn.2d 135, 140, 196 P.3d 672 (2008). In Jepsen, the Supreme Court declined to address whether the time limit in RCW 11.24.010 is jurisdictional. 184 Wn.2d 376, 381 n.5.

service.  While Bostwick discussed the general emergency situation presented by COVID at length, she did not allege any specific facts to show that, for instance, she had difficulty hiring a process server or that she renewed her request for Brazier's attorney to accept service after the pandemic intensified. She also does not explain why she did not hire a process server to go to Brazier's home in the two months between the time she filed the petition and the time the Governor's stay home order went into effect.  She therefore does not establish that she acted diligently.  Furthermore, there is no evidence of bad faith or deception on Brazier's part.[4]  The correspondence between Brazier's and Bostwick's attorneys establishes that they were both aware that Bostwick was required to serve Brazier, that Bostwick had not yet done so, and that notification to Brazier's attorney was insufficient.  Given this mutual understanding, Brazier's participation in discovery was not misleading or in bad faith.  Because neither element for equitable tolling is met, we hold that the court correctly dismissed Bostwick's petition.

### Award of Attorney Fees

Bostwick challenges the commissioner's award of attorney fees on the grounds that Brazier's motion to dismiss should not have been granted.  Brazier challenges the reasonableness of the award and requests attorney fees on

---

[4] Our Supreme Court recently adopted the federal standard for equitable tolling in the context of personal restraint petitions, requiring a showing that "an extraordinary circumstance prevented a timely filing," rather than being limited to "bad faith, deception, or false assurances."  In re Pers. Restraint of Fowler, 197 Wn.2d 46, 54, 479 P.3d 1164 (2021).  If this standard applies to will contest actions and encompasses the facts at issue here, equitable tolling is still not appropriate because of the lack of diligence on Bostwick's part.

8

appeal.  Because the commissioner correctly dismissed Bostwick's petition, it did not err by awarding Brazier attorney fees.  However, we remand for the commissioner to explain the basis for its attorney fee award.  We also award Brazier her reasonable attorney fees on appeal.

1.  Determination of Reasonable Attorney Fees

Brazier contends that the commissioner abused its discretion by awarding only a small portion of Brazier's attorney fees.

RCW 11.24.050 permits an award of fees against the contestant in cases where the will is sustained, "unless it appears that the contestant acted with probable cause and in good faith."  RCW 11.96A.150 provides for an award of fees "to any party," "in such amount and in such manner as the court determines to be equitable."  It also specifies that "[t]his section applies to all proceedings . . . involving . . .decedent's estates" and "shall not be construed as being limited by . . . [RCW] 11.24.050."  RCW 11.96A.150(2).  We review an award of attorney fees under these sections for abuse of discretion.  In re Estate of Mower, 193 Wn. App. 706, 727, 374 P.3d 180 (2016); In re Estate of Bussler, 160 Wn. App. 449, 470, 247 P.3d 821 (2011).  "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons."  In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

A court considers equitable factors when awarding attorney fees under RCW 11.96A.150.  "Where the primary considerations for the fee award are equitable, courts are not required to apply the lodestar method to determine an

award of fees." In re Guardianship of Decker, 188 Wn. App. 429, 447, 353 P.3d 669 (2015). However, the court must still enter findings of fact and conclusions of law to support its fee award. In re Joanne K. Blankenship Survivor's Tr., __ Wn. App. 2d __, 493 P.3d 751, 762 (2021); Mahler v. Szucs, 135 Wn. 2d 398, 435, 957 P.2d 632 (1998) (implied overruling on other grounds recognized in Matsyuk v. State Farm Fire & Cas. Co., 173 Wn.2d 643, 272 P.3d 802 (2012)). "The findings must show how the court resolved disputed issues of fact and the conclusions must explain the court's analysis." Berryman v. Metcalf, 177 Wn. App. 644, 658, 312 P.3d 745 (2013). "Washington courts have repeatedly held that the absence of an adequate record upon which to review a fee award will result in a remand of the award to the trial court to develop such a record." Mahler, 135 Wn.2d at 435; see also Brand v. Dep't of Labor & Indus., 139 Wn.2d 659, 665, 989 P.2d 1111 (1999) ("This court has overturned attorney fees awards when it has disapproved of the basis or method used by the trial court, or when the record fails to state a basis supporting the award.")

Brazier claims the court abused its discretion by denying fees for the majority of time spent on the case. She first challenges the commissioner's finding that her deposition of Bostwick was "unnecessary and unreasonably anticipatory because it occurred at a time prior to the occurrence of personal service of the will-contest petition." We conclude that the commissioner did not abuse its discretion in declining to award fees for the deposition on this basis. The commissioner's finding shows how it resolved this issue. Although Bostwick's deposition was arguably useful to Brazier because Bostwick admitted

10

she had received Brazier's address, this admission was not necessary to dismiss the petition for lack of service. The commissioner's finding is therefore not manifestly unreasonable.

Brazier next challenges the commissioner's finding that the time "expended by [Brazier's] counsel was not reasonable except for time reasonably necessary to prepare [Brazier's] motion to dismiss, which the [commissioner] finds is five hours."[5] We agree that this finding is inadequate. Brazier points to time expended by her counsel communicating with Brazier about the status of the case, preparing to defend the petition, and preparing the motion for fees. With the exception of time spent on the deposition, the commissioner's order does not make clear whether it found counsel unreasonably spent time engaging in these activities, whether it was inequitable to award fees for this time, or whether it failed to considered the time spent for these purposes. Indeed, the commissioner did not mention time spent communicating with Brazier or time spent on the motion for fees at all. In the absence of such a record, we remand for the court to elaborate on its findings. Blankenship, 493 P.3d at 762 ("[W]ith no indication of the factors the trial court weighed to reach its conclusion, we cannot review the fees and costs awarded, and we remand for entry of findings of fact and conclusions of law supporting the award.").

---

[5] This finding was based on the commissioner's oral instructions to counsel that the "order will reflect that the motion for fees is denied except the Court finds that five hours would have been appropriate time to grant for a motion to dismiss for failure to serve."

2. Attorney Fees on Appeal

Brazier requests attorney fees on appeal. Under RAP 18.1(a), a party is entitled to attorney fees on appeal if a statute authorizes the award. RCW 11.96A.150 gives an appellate court discretion to award attorney fees and costs. Bostwick challenged Brazier's fee request at the trial court on the basis that Brazier's motion to dismiss was a straightforward issue based on clear law and binding precedent, but then proceeded to appeal that very issue. Brazier prevails on appeal and we award her reasonable attorney fees.

We affirm in part but remand for the trial court to enter additional findings and conclusions supporting its attorney fee award.

_____

WE CONCUR:

_____     _____